**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| U-Haul International, Inc., et al., | No. CV-10-1047-PHX-SMM |
| Plaintiffs, | **ORDER** |
| v. | |
| National Union Fire Insurance Co. of Pittsburgh, Pa., et al., | |
| Defendants. | |

Before the Court is Defendants American International Group, Inc. ("AIG, Inc."); Chartis, Inc.; National Union Fire Insurance Co. of Pittsburgh, Pa. ("National Union"); and Chartis Claims, Inc.'s ("Chartis Claims") ("Defendants") Motion to Dismiss (Doc. 22).[1] Defendants ask the Court to dismiss: (1) AIG, Inc. and Chartis, Inc. as Party Defendants and (2) the Count III Fraud claim (Doc. 22).

---

[1] Both parties have submitted extensive evidence outside of the pleadings. When a court considers matters outside the complaint on a motion to dismiss, the court typically must treat the motion as one for summary judgment. Fed. R. Civ. P. 12(b); San Pedro Hotel Co., Inc. v. City of Los Angeles, 159 F.3d 470, 477 (9th Cir. 1998). When deciding a motion to dismiss, the court is bound by the facts pleaded in the complaint with a limited exception for exhibits that are attached to the complaint, exhibits incorporated by reference in the complaint, or matters of judicial notice. United States v. Ritchie, 342 F.3d 903, 907-08 (9th Cir. 2003); Fed. R. Civ. P. 10(c). Here, because neither party requested that Defendants' Motion to Dismiss be converted into a summary judgment motion, and because the Court does not rely on anything except the Complaint and the exhibits to the Complaint in deciding Defendants' Motion, the Court will treat it as a motion to dismiss.

Plaintiffs U-Haul International, Inc.; Amerco Inc.; U-Haul Co. of Georgia; and U-Haul Co. of Nebraska ("Plaintiffs") responded (Doc. 28), Defendants replied (Doc. 34), and Plaintiffs sur-replied (Doc. 37), and the matter is now fully briefed.[2]

## BACKGROUND

Plaintiffs allege that Defendants issued them umbrella insurance policies, including No. 9834789 ("Policy A") (Doc. 1, Ex. A), effective April 1, 2007 to April 1, 2008; and No. 5380814 ("Policy B") (Doc. 1, Ex. B), effective April 1, 2008 to April 1, 2009. (Doc. 1 ¶¶ 15-16, Ex. A at 2, Ex. B at 2.) Both Policy A and Policy B list National Union as the company issuing the policy. (Doc. 1, Ex. A at 2, Ex. B at 2.) In December 2008, U-Haul Co. of Georgia was named as a defendant in five cases filed in Fulton County Court in Georgia. (Doc. 1 ¶¶ 29-33.) In September 2009, U-Haul International, Inc., Amerco, Inc., and U-Haul Co. of Nebraska were named as defendants in a case filed in Maricopa County Superior Court in Arizona. (Doc. 1 ¶ 35.) The plaintiffs in both the Arizona and Georgia cases (the "underlying cases") sought damages arising from fatal collisions allegedly caused in part by a trailer that the defendants designed and manufactured. (Doc. 1 ¶¶ 36-37.) A dispute arose between the parties over the policies' coverage in the event that damages were awarded against Plaintiffs in the underlying cases. (Doc. 1.)

On May 13, 2010, Plaintiffs sued Defendants alleging claims for breach of good faith and fair dealing and fraud, and seeking declaratory relief and punitive damages. (Doc. 1 at 1-2.) Plaintiffs' Complaint refers to Defendants collectively in all four claims as "AIG." (Doc. 1 at 1-2.) Defendants filed a Motion to Dismiss on July 26, 2010. (Doc. 22.) Defendants argue for dismissal of AIG, Inc. and Chartis, Inc. as Party Defendants, pursuant

---

[2] Defendants requested oral argument in connection with their Motion to Dismiss. (Doc. 22). The parties have had the opportunity to submit briefing. Accordingly, the Court finds the pending motions suitable for decision without oral argument and Defendants' request is denied. See L.R. Civ. 7.2(f).

- 2 -

1 to Rule 12(b)(6) of the Federal Rules of Civil Procedure; and dismissal of the Count Three
2 Fraud allegation against all Defendants pursuant to Rule 9(b).  (Doc. 22 at 1.)

## STANDARDS OF REVIEW

### I.     Motion to Dismiss Under Federal Rule of Civil Procedure 12(b)(6)

A pleading that states a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  If the plaintiff fails to state a claim, the defendant may move in a written motion, separate from the responsive pleading, that the court dismiss the claim for failure to state a claim. Fed. R. Civ. P. 12(b)(6).  Even though a complaint subject to dismissal for failure to state a claim is not required to provide "detailed factual allegations," in order for the plaintiff to meet her burden, she must present more than labels and conclusions, or a formulaic recitation of the elements of the asserted cause of action.  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).[3]  To survive a motion to dismiss for failure to state a claim, a plaintiff must state enough facts so that the claim is plausible on its face.  Id. at 570.  The Supreme Court does not require a heightened pleading standard, just enough facts to push the claim across the threshold of conceivable to plausible.  Id.

The court will treat all allegations of material fact in the complaint as true and construe the complaint in the light most favorable to the plaintiff.  W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).  But "conclusory allegations of law and

---

[3]Prior to Twombly, the standard of review for a Rule 12(b)(6) motion was established by Conley v. Gibson, 355 U.S. 41 (1957).  The Court in Conley held that a complaint may only be dismissed pursuant to Rule 12(b)(6) if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  Id. at 45-46; Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995).  After Twombly, however, it was unclear if the new plausibility standard applied to all civil complaints or only to antitrust complaints.  Recently, the Supreme Court clarified the scope of the Twombly holding by reiterating that it applied to all civil actions.  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1953 (2009) ("Our decision in Twombly expounded the pleading standard for 'all civil actions.'").

1  unwarranted inferences are insufficient to defeat a motion to dismiss." Ove v. Gwinn, 264
2  F.3d 817, 821 (9th Cir. 2001) (citing Associated Gen. Contractors v. Metro. Water Dist. of
3  S. Cal., 159 F.3d 1178, 1187 (9th Cir. 1998)).  If the court finds that the plaintiff does not
4  allege enough facts to support a cognizable legal theory, the court may dismiss the claim.
5  SmileCare Dental Group v. Delta Dental Plan of Cal., Inc., 88 F.3d 780, 783 (9th Cir. 1996).
6  "Dismissal without leave to amend is improper unless it is clear, upon *de novo* review, that
7  the complaint could not be saved by any amendment." Polich v. Burlington N., Inc., 942
8  F.2d 1467, 1472 (9th Cir. 1991) (citing Kelson v. City of Springfield, 767 F.2d 651 (9th Cir.
9  1985)).  When exercising it discretion to deny leave to amend, "a court must be guided by
10 the underlying purpose of Rule 15 to facilitate decision on the merits, rather than on the
11 pleadings or technicalities." United States v. Webb, 655 F.2d 977, 979 (9th Cir. 1981).
12 **II.     Motion to Dismiss Under Federal Rule of Civil Procedure 9(b)**
13         Fraud claims must meet the heightened pleading standard of Rule 9(b), which requires
14 that a party "state with particularity the circumstances constituting fraud." Fed. R. Civ. P.
15 9(b).  The circumstances surrounding the alleged fraud must "be 'specific enough to give
16 defendants notice of the particular misconduct . . . so that they can defend against the charge
17 and not just deny that they have done anything wrong.'" Kearns v. Ford Motor Co., 567 F.3d
18 1120 (9th Cir. 2009) (quoting Bly-Magee v. California, 236 F.3d 1014, 1019 (9th Cir.
19 2001)).  "Averments of fraud must be accompanied by 'the who, what, where, and how' of
20 the misconduct charged." Vess v. Ciba-Geigy Corp., 317 F.3d 1097, 1106 (9th Cir. 2003)
21 (quoting Cooper v. Pickett, 137 F.3d 616, 727 (9th Cir. 1997)).  Plaintiff alleging fraud is
22 required to "set forth more than the neutral facts necessary to identify the transaction."
23 Kearns, 567 F.3d at 1124 (quoting In re GlenFed, Inc. Sec. Litig., 42 F.3d 1541, 1548 (9th
24 Cir. 1994)).  Rule 9(b) exists "to deter the filing of complaints as a pretext for the discovery
25 of unknown wrongs, to protect [defendants] from the harm that comes from being subject to
26 fraud charges, and to prohibit plaintiffs from unilaterally imposing upon the court, the parties
27 and society enormous social and economic costs absent some factual basis." Bly-Magee, 236
28

- 4 -

F.3d at 1018. Dismissal under Rule 9(b) is the functional equivalent of a Rule 12(b)(6) dismissal for failure to state a claim. Vess, 317 F.3d at 1107. Accordingly, a plaintiff alleging fraud must state enough facts so that the claim is plausible on its face. Twombly, 550 U.S. at 570.

## DISCUSSION

**I.   Motion to Dismiss Defendants AIG, Inc. and Chartis, Inc.**

In their Motion to Dismiss, Defendants contend that AIG, Inc. and Chartis, Inc. are indirect parent corporations of subsidiaries National Union and Chartis Claims, and as such are improper defendants. (Doc. 22 at 1-5.) Plaintiffs respond that they have sufficiently pleaded a cause of action against both AIG, Inc. and Chartis, Inc. under theories of "direct involvement," "joint venture," "alter ego," "instrumentality," and "parent-subsidiary." (Doc. 28 at 11-13.)

Arizona law generally recognizes that a parent corporation is not liable for the actions of a subsidiary. Deutsche Credit Corp. v. Case Power & Equip. Co., 876 P.2d 1190, 1195 (Ariz. Ct. App. 1994). However, there are exceptions to this general rule. First, a parent corporation of a subsidiary may be liable to a plaintiff based upon direct involvement in the controversy at issue. Gatecliff v. Great Republic Life Ins. Co., 821 P.2d 725, 728 (Ariz. 1999). Second, a parent corporation may be liable for its subsidiary if the parties agree to form a joint venture "to pursue a particular enterprise in the hope of sharing a profit." Ellingson v. Sloan, 527 P.2d 1100, 1103 (Ariz. Ct. App. 1974) (quoting Ariz. Pub. Serv. Co. v. Lamb, 327 P.2d 998, 1000 (Ariz. 1958)). A joint venture requires "five specific elements which must be present . . .: (1) a contract, (2) a common purpose, (3) a community of interest, (4) an equal right of control and (5) participation in both profits and losses." Id. Under a joint venture theory, a parent company may be found jointly and severally liable with its subsidiary. See Farr v. Transamerica Occidental Life Ins. Co. of Calif., 699 P.2d 376, 386 (Ariz. Ct. App. 1984).

1         A third way in which a parent corporation may be liable for its subsidiary is under an alter ego theory, which "allows a parent corporation to be held liable for the acts of its subsidiary when the individuality or separateness of the subsidiary corporation has ceased." Gatecliff, 821 P.2d at 728. To hold a parent corporation liable under an alter ego theory, a plaintiff must establish both: (1) "unity of control" and (2) "that observance of the corporate form would sanction a fraud or promote injustice." Id. (citing Dietel v. Day, 492 P.2d 455, 457 (Ariz. Ct. App. 1972)). Unity of control occurs when a parent exerts "substantially total control over the management and activities" of its subsidiary. Id. Factors demonstrating substantially total control include: "stock ownership by the parent; common officers or directors; financing of subsidiary by the parent; payment of salaries and other expenses of subsidiary by the parent; failure of subsidiary to maintain formalities of separate corporate existence; similarity of logo; and plaintiff's lack of knowledge of subsidiary's separate corporate existence." Id. Distinct from but similar to the alter ego theory is the fourth way in which a parent company can be liable to a subsidiary: the instrumentality theory. Id. at 729. "When one corporation so dominates and controls another as to make that other a simple instrumentality or adjunct to it, the courts will look beyond the legal fiction of distinct corporate existence, as the interests of justice require. Walker v. Sw. Mines Dev. Co., 81 P.2d 90, 95 (Ariz. 1938); See also Savage v. Royal Props., Inc., 417 P.2d 925, 927 (Ariz. Ct. App. 1966) ("[T]he fiction of corporate entity must be disregarded where one corporation is so organized and controlled, and its affairs are so conducted that it is, in fact, a mere instrumentality or adjunct of another corporation."). As with the alter ego theory of liability, "[p]laintiffs must [] demonstrate some form of injustice under an instrumentality theory." Gatecliff, 821 P.2d at 730.

**A.  AIG, Inc.**

        Plaintiffs' Complaint fails to plausibly state a claim against AIG, Inc. First, although Plaintiffs included AIG, Inc. with the three other named defendants under the collective term "AIG" (Doc. 1 at 1-2), they failed to set forth facts regarding AIG, Inc.'s actual role in any

- 6 -

1   of the alleged activity. The only specific allegation included in Plaintiffs' Complaint that
2   relates solely to AIG, Inc. is the statement that "Defendant American International Group,
3   Inc. is a corporation organized and existing under the laws of the State of Delaware, with its
4   principal place of business in New York." (Doc. 1 ¶ 7.) Second, Plaintiffs' Complaint fails
5   to present a cognizable legal theory that could support a claim against AIG, Inc. under a
6   theory of direct involvement, joint venture, alter ego, or instrumentality. Twombly, 550 U.S.
7   at 570. Plaintiffs argue (Doc. 28 at 10) that AIG, Inc. is a proper defendant because Policy
8   A and Policy B, the two insurance policies that Plaintiffs attached to the Complaint, contain
9   references to AIG, Inc, including: (1) the phrase "American International Companies® on
10  the front of the policies (Doc. 1, Ex. A at 2, Ex. B at 2); (2) listing of the same New York
11  City building address as the executive offices for both National Union and AIG (Doc. 1, Ex.
12  A at 2, Ex. B at 2); (3) the phrase "© 2001 American International Group, Inc" at the bottom
13  of much of Policy A and Policy B (Doc. 1, Ex. A at 4-26 & Ex. B at 5-28); and (4) the phrase
14  '© 2004 American International Group, Inc." listed at the bottom of Endorsement No. 13 in
15  Policy A (Doc. 1, Ex. A at 44-49.) However, both Policy A and Policy B state that National
16  Union is the company issuing the policy, and the references to AIG, Inc. in the policy do not
17  transform AIG, Inc. into the insurer or otherwise support a plausible claim against AIG, Inc.
18          As supplemental authority for its finding that Plaintiffs fail to state a claim against
19  AIG, Inc., the Court points to the district court's holding in U-Haul Int'l Inc. v. Am. Int'l
20  Specialty Lines Ins. Co., No. 2:08-CV-01044-SRB (D. Ariz. Dec. 16, 2008) (Doc. 104) (the
21  "2008 case"). Under very similar legal issues that the Court now addresses, the district court
22  in the 2008 case dismissed AIG, Inc. as a party defendant. U-Haul Int'l Inc., No. 2:08-CV-
23  01044-SRB (Doc. 104 at 6). As was true in the 2008 case, Plaintiffs' Complaint here fails
24  to alleged specific facts against AIG, Inc. beyond merely identifying it, and does not allege
25  that AIG, Inc. itself "marketed or administered the Plaintiffs' policy, collected premiums, or
26  participated in the claim decisions that led to this lawsuit" in a manner that would support
27  a claim against AIG, Inc. under any applicable theory of parent corporation liability. U-Haul
28

- 7 -

1   Int'l Inc., No. 2:08-CV-01044-SRB (Doc. 104 at 6) (citing Farr, 699 P.2d at 386; Sparks v.
2   Republic Nat'l Ins. Co., 647 P.2d 1127, 1137-38 (Ariz. 1982)).  Though Plaintiffs here argue
3   that the district court in the 2008 case erred, they do not identify a case from this circuit .
4   The two holdings from this circuit that Plaintiffs argue support its position both addressed
5   motions for a more definite statement, not motions to dismiss.  (Doc. 28 at 14 (citing
6   Simmons v. Navajo County, 2006 WL 1897290 (D. Ariz. July 11, 2006); Resolution Trust
7   Corp. v. Dean, 854 F.Supp. 626, 649 (D. Ariz. 1984)).  The Court will dismiss AIG, Inc. as
8   a defendant in this case, as Plaintiffs have failed to state a claim against AIG, Inc.  See Fed.
9   R. Civ. P. 12(b)(6).

10  **B.      Chartis, Inc.**

11           In contrast to AIG, Inc., the name Chartis, Inc. appears nowhere in either Policy A or
12  Policy B as attached to Plaintiffs' Complaint.  Plaintiffs acknowledge in their response  that
13  Chartis, Inc. did not exist when Policy A and Policy B were issued, but state that Chartis, Inc.
14  is a named defendant and potentially liable "because AIG very recently rebranded its
15  subsidiaries as 'Chartis.'" (Doc. 28 at 10 n.2.)  Plaintiffs' Complaint did not include this
16  rebranding information or set forth facts regarding how Chartis, Inc. might be liable under
17  theories of direct involvement, joint venture, alter ego, or instrumentality. Plaintiffs grouped
18  Chartis, Inc. with the three other named defendants under the collective term "AIG," (Doc.
19  1 at 1-2) but failed to set forth Chartis, Inc.'s actual role in any of the activity Plaintiffs
20  alleged.  The allegation pertaining specifically to Chartis, Inc. is made in the context of
21  describing it as "a corporation organized and existing under the laws of the State of
22  Delaware, with its principal place of business in New York." (Doc. 1 ¶ 6.)   Chartis, Inc.
23  should not be haled into Court absent facts that set forth a plausible claim that Chartis, Inc.
24  is a proper defendant under one of the grounds for parent corporation liability discussed
25  above. See Twombly, 550 U.S. at 570.  Therefore, the Court will dismiss Chartis, Inc. as a
26  defendant in this case for failure to state a claim. See Fed. R. Civ. P. 12(b)(6).

## II. Motion to Dismiss Plaintiffs' Fraud Claim

Plaintiffs' Complaint alleges in Count III that Defendants committed fraud related to the negotiation and underwriting of Policy A and Policy B. (Doc. 1 at 11-13.) First, Plaintiffs allege Defendants stated that they would provide an insurance policy quote based upon Plaintiffs' "[s]ubmission of past losses and their designated coverage type." (Doc. 1 ¶ 84.) Second, Plaintiffs allege Defendants reclassified Plaintiffs' past losses from General Liability to Auto Liability in Defendants' internal documents without Plaintiffs' knowledge, in an attempt to reduce Defendants' exposure. (Doc. 1 ¶¶ 62, 85.) Third, Plaintiffs allege Defendants quoted Plaintiffs premiums that provided less coverage than Plaintiffs had initially requested. (Doc. 1 ¶ 86.) Fourth, Plaintiffs allege Defendants induced Plaintiffs to purchase policies that Plaintiffs believed aligned with their initial past losses submission, causing damages. (Doc. 1 ¶¶ 87-89.)

A claim for common law fraud or fraudulent inducement requires: "(1) [a] representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity or ignorance of its truth; (5) [the speaker's] intent that it should be acted upon by the [hearer] and in the manner reasonably contemplated; (6) the hearer's ignorance of its falsity; (7) [the hearer's] reliance on its truth; (8) [the hearer's] right to rely thereon; (9) [the hearer's] consequent and proximate injury." Nielson v. Flashberg, 419 P.2d 514 (Ariz. 1966); see also Wells Fargo Credit Corp. v. Smith, 803 P.2d 900, 905 (Ariz. App. 1990). Here, Plaintiffs' Complaint fails to with any particularity identify a speaker or speakers; allege specifically what the speaker is purported to have stated to Plaintiffs; specify what statements were false; state whether or not the speaker knew if the statements were false; and set forth a cognizable theory on how Defendants' purported statements are connected to damages incurred. Plaintiffs do not allege that any of the language contained in either Policy A and Policy B is false, and instead focus on Defendants' internal documents. (Doc. 1¶¶ 67-69.) Because Plaintiffs have failed to "state with particularity the circumstances constituting fraud," including "the who, what, where, and how' of the misconduct charged," the Court will

- 9 -

dismiss the Count III Fraud claim against Defendants. Fed. R. Civ. P. 9(b); <u>Vess</u>, 317 F.3d at 1106 (<u>quoting</u> <u>Cooper</u>, 137 F.3d at 727).

## CONCLUSION

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss AIG, Inc. as a party defendant (Doc. 22) is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss Chartis, Inc. as a party defendant (Doc. 22) is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss Count III (Fraud) (Doc. 22) of Plaintiffs' Complaint (Doc. 1) is **GRANTED**.

DATED this 3rd day of January, 2011.

*[signature]*
Stephen M. McNamee
United States District Judge