**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| U-Haul International, Inc., et al., ) | No. CV-10-1047-PHX-SMM |
| Plaintiffs, ) | **ORDER** |
| v. ) | |
| National Union Fire Insurance Co. ) of Pittsburgh, Pa., et al., ) | |
| Defendants. ) | |

Before the Court are: (1) Defendants National Union Fire Insurance Co. of Pittsburgh, Pa. ("National Union") and Chartis Claims, Inc.'s ("Chartis Claims") (collectively "National Union") Motion for Summary Judgment (Doc. 44) and (2) Plaintiffs U-Haul International, Inc.; Amerco Inc.; U-Haul Co. of Georgia; and U-Haul Co. of Nebraska's (collectively "U-Haul") Motion Pursuant to Federal Rule of Civil Procedure 56(d) (Doc. 53). Both matters are fully briefed (Doc. 53; Doc. 65; Doc. 66; Doc. 72; Doc. 84). Having considered the parties' memoranda and other submissions, the Court issues this Order.[1]

---

[1] U-Haul requested oral argument in their Response to National Union's Motion for Summary Judgment (Doc. 53 at 1). The parties have had the opportunity to submit briefing. Accordingly, the Court finds the pending motions suitable for decision without oral argument and U-Haul's request is denied. See L.R. Civ. 7.2(f).

**BACKGROUND**

National Union issued U-Haul umbrella insurance policies, including No. 9834789 ("Policy A") (Doc. 1, Ex. A), effective April 1, 2007 to April 1, 2008; and No. 5380814 ("Policy B") (Doc. 1, Ex. B), effective April 1, 2008 to April 1, 2009. (Doc. 45 ¶ 1-2; Doc. 54 ¶ 1-2.) Both Policy A and Policy B provide several types of liability coverage, including: (1) General Liability ("GL"); (2) Automobile Liability ("AL"); and (3) Products-Completed Operations ("PCO") (Doc. 54 ¶ 12; Doc. 1, Ex. A at 52, 57, 59; Doc. 1, Ex. B at 57, 61, 66.) Both Policy A and Policy B set forth the Self-Insured Retention ("SIR"), which is the amount U-Haul must pay before the policy's coverage attaches. (Doc. 54 ¶ 13; Doc. 1, Ex. A at 52, 57, 59; Doc. 1, Ex. B at 57, 61, 66.) Under the policies at issue in this case, if a claim is classified as a GL or PCO, U-Haul has a $5 million SIR; if a claim is classified as AL, U-Haul has a $10 million SIR. (Doc. 54 ¶ 13; Doc. 1, Ex. A at 52, 57, 59; Doc. 1, Ex. B at 57, 61, 66.)

In December 2008, U-Haul Co. of Georgia was named as a defendant in five cases filed in Fulton County Court of Georgia (the "Georgia Cases"). (Doc. 45 ¶¶ 3-8; Doc. 54 ¶¶ 3-8.) In September 2009, U-Haul International, Inc., Amerco, Inc., and U-Haul Co. of Nebraska were named as defendants in a case filed in Maricopa County Superior Court in Arizona. (Doc. 45 ¶ 9; Doc. 54 ¶ 9.) The plaintiffs in both the Arizona and Georgia cases (the "underlying cases") sought damages arising from fatal collisions allegedly caused in part by a trailer that the defendants designed and manufactured. (Doc. 45 ¶¶ 8-9; Doc. 54 ¶¶ 8-9.) A dispute arose between the parties over the policies' coverage in the event that damages were awarded against U-Haul in the underlying cases. (Doc. 1.)

On May 13, 2010, U-Haul sued National Union, AIG, Inc., and Chartis, Inc., alleging claims for breach of duty of good faith and fair dealing and fraud, and seeking declaratory relief and punitive damages. (Doc. 1 at 1-2.) On January 3, 2011, the Court granted Defendants' Motion to Dismiss AIG, Inc. and Chartis, Inc. as parties pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and Defendants' Motion to Dismiss (Doc.

22) the fraud allegation pursuant to Rule 9(b). (Doc. 42 at 10.) Subsequently, National Union filed a Motion for Summary Judgment claiming that U-Haul's: (1) claim for breach of duty of good faith and fair dealing fails because no breach of the insurance policies has taken place and (2) declaratory relief request fails because the underlying lawsuits are AL claims under the contract and U-Haul is collaterally estopped from asserting otherwise  (Doc. 44 at 17).

## **LEGAL STANDARDS**

A court must grant summary judgment if the pleadings and supporting documents, viewed in the light most favorable to the nonmoving party, "show[] that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law" Fed. R. Civ. P. 56(a); see Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Jesinger v. Nev. Fed. Credit Union, 24 F.3d 1127, 1130 (9th Cir. 1994). Substantive law determines which facts are material. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); see also Jesinger, 24 F.3d at 1130. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson, 477 U.S. at 248. The dispute must also be genuine, that is, the evidence must be "such that a reasonable jury could return a verdict for the nonmoving party." Id.; see Jesinger, 24 F.3d at 1130.

A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." Celotex, 477 U.S. at 323-24. Summary judgment is appropriate against a party who "fails to make a showing sufficient to establish the existence of an element essential to that party's case as to which that party will bear the burden of proof at trial." Id. at 322; see also Citadel Holding Corp. v. Roven, 26 F.3d 960, 964 (9th Cir. 1994). The moving party need not disprove matters on which the opponent has the burden of proof at trial. See Celotex, 477 U.S. at 323-24. The party opposing summary judgment need not produce evidence "in a form that would be admissible at trial in order to avoid summary judgment." Id. at 324. However, the nonmovant must set out specific facts showing a genuine

1  dispute for trial. See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574,
2  585-88 (1986); Brinson v. Linda Rose Joint Venture, 53 F.3d 1044, 1049 (9th Cir. 1995).

## DISCUSSION

### I. Breach of Duty of Good Faith and Fair Dealing

U-Haul alleges that National Union violated the duty of good faith and fair dealing because of National Union's alleged "newfound refusal to provide coverage for the Underlying Actions" exceeding the $5 million SIR and "reversal of position from previous conduct" regarding the SIR. (Doc. 1 ¶¶ 78-79.) "Every contract contains implied covenants of good faith and fair dealing." Johnson Int'l v. City of Phoenix, 967 P.2d 607, 614-15 (Ariz. Ct. App. 1998). "The duty arises by virtue of a contractual relationship. The essence of that duty is that neither party will act to impair the right of the other to receive the benefits which flow from their agreement or contractual relationship." Rawlings v. Apodaca, 726 P.2d 565, 569-70 (Ariz. 1986) ("[T]he insurance contract and the relationship it creates contain more than the company's bare promise to pay certain claims when forced to do so; implicit in the contract and the relationship is the insurer's obligation to play fairly with its insured."). "[T]he relevant inquiry always will focus on the contract itself, to determine what the parties did agree to." Id. at 570 (quoting Wagenseller v. Scottsdale Mem. Hosp., 710 P.2d 1025, 1038 (Ariz. 1985)). Although "in the usual case a bad faith claim will be predicated on the breach of an express covenant in the policy . . . absence of a breach of an express term of the policy is not fatal to a bad faith claim where the plaintiff can prove a breach of the implied covenant of good faith and fair dealing." Deese v. State Farm Mut. Ins. Co., 838 P.2d 1265, 1270 (Ariz. 1992). For example, in insurance cases a contract may permit an insurer to refuse to settle, but the insurer acts in bad faith if it refuses to conduct litigation in the best interests of the insured. Rawlings, 726 P.2d at 570.

U-Haul has not demonstrated that National Union has acted in a manner that was unfair or that would impair any benefits deriving from their contractual relations. See id. National Union appears, up to this point, to have complied with its obligations as agreed to

- 4 -

1  under Policy A and Policy B. See id. National Union has not made any adverse claims
2  decisions related to the underlying lawsuits or refused to conduct litigation in U-Haul's best
3  interests. See id. Neither party has informed the Court that the underlying cases have
4  proceeded to judgment or settlement, so it appears that U-Haul is asking the Court to find that
5  National Union acted in bad faith merely by questioning the nature of U-Haul's claims in the
6  underlying cases. The Court finds that National Union has neither breached any express
7  agreements in the policy nor treated U-Haul in a manner that constitutes a breach of the duty
8  of good faith and fair dealing. See Deese, 838 P.2d at 1270.

9  **II.   Declaratory Judgment**

10  As the Court has granted National Union's request for summary judgment on U-
11 Haul's claim for breach of duty of good faith and fair dealing, all that remains in this case
12 is U-Haul's claim for declaratory relief. The Declaratory Judgment Act enables the Court to
13 declare the rights and other legal relations of any interested party seeking such a declaration.
14 28 U.S.C. § 2201(a). While the Act authorizes the Court to provide declaratory relief, the
15 Court is not required to do so. Brillhart v. Excess Ins. Co. of Am., 316 U.S. 491, 494 (1942).
16 As the Declaratory Judgment Act states that the Court "may" act, it is "'deliberately cast in
17 terms of permissive, rather than mandatory, authority.'" 28 U.S.C. § 2201(a); Gov't
18 Employees Ins. Co. v. Dizol, 133 F.3d 1220, 1223 (9th Cir. 1998) (en banc) (quoting Public
19 Serv. Comm'n of Utah v. Wycoff Co., 344 U.S. 237, 250 (1952) (J. Reed, concurring)).
20 There is no presumption in favor of abstaining from, nor is there a presumption in favor of
21 exercising this remedial power. See Huth v. Hartford Ins. Co. of the Midwest, 298 F.3d 800,
22 803 (9th Cir. 2002); see also Wilton v. Seven Falls Co., 515 U.S. 277, 289 (1995) (The
23 appeals court reviews the Court's decision to grant or refrain from granting declaratory relief
24 for abuse of discretion "because facts bearing on the usefulness of the declaratory judgment
25 remedy, and the fitness of the case for resolution, are peculiarly within their grasp.").

26  "In the declaratory judgment context, the normal principle that federal courts should
27 adjudicate claims within their jurisdiction yields to considerations of practicality and wise

28

- 5 -

judicial administration." Id. at 288. The Court should consider the factors announced in Brillhart and its progeny, but no one factor necessarily controls. See Dizol, 133 F.3d at 1223 (citing Brillhart, 316 U.S. at 494); Principal Life Ins. Co. v. Robinson, 394 F.3d 665, 672 (9th Cir. 2005) (discussing the Brillhart factors and additional relevant considerations). The Brillhart factors, which are nonexclusive, state that "[1] [t]he district court should avoid needless determination of state law issues; [2] it should discourage litigants from filing declaratory actions as a means of forum shopping; and [3] it should avoid duplicative litigation." Dizol, 133 F.3d at 1225. "Essentially, the district court 'must balance concerns of judicial administration, comity, and fairness to the litigants.'" Kearns, 15 F.3d at 144 (quoting Chamberlain v. Allstate Ins. Co., 931 F.2d 1361, 1367 (9th Cir. 1991)). Additional considerations include:

> whether the declaratory action will settle all aspects of the controversy; whether the declaratory action will serve a useful purpose in clarifying the legal relations at issue; whether the declaratory action is being sought merely for the purposes of procedural fencing or to obtain a 'res judicata' advantage; or whether the use of a declaratory action will result in entanglement between the federal and state court systems. In addition, the district court might also consider the convenience of the parties, and the availability and relative convenience of other remedies.

Dizol, 133 F.3d at 1225 n.5 (quoting Kearns, 15 F.3d at 145 (J. Garth, concurring)); Principal Life, 394 F.3d at 672; McGraw-Edison Co. v. Preformed Line Prods. Co., 362 F.2d 339, 342-43 (9th Cir. 1966) (citation omitted). The Court considers whether to dismiss an action seeking declaratory relief under the circumstances existing at the time the issue is raised rather than at the time the action was filed. See Am. Cas. Co. of Reading, Pa. v. Krieger, 181 F.3d 1113, 1119 (9th Cir. 1999).

Under the Brillhart factors, the Court will exercise its discretion not to consider U-Haul's declaratory judgment action. See 316 U.S. at 494. First, the Court should avoid the needless determination of state law issues. See Dizol, 133 F.3d at 1225. U-Haul's action relates to determination of insurance coverage and contractual interpretation, both of which are state law issues. Whether the underlying lawsuits are AL claims under Policy A and

- 6 -

1  Policy B is apparently not currently before the state courts in the underlying cases. However,
2  the state courts, upon proper motion, would be better positioned to determine this insurance
3  coverage matter. Second, the Court should discourage forum shopping. See id. The state
4  court records in the underlying cases are not before the Court, so it cannot discern whether
5  U-Haul was motivated to file this declaratory judgment action in hopes that it might fare
6  better here than with the state courts. Third, the district court should avoid duplicative
7  litigation. See id. Here, the state court litigation in the underlying cases is apparently
8  ongoing. U-Haul thus has the opportunity to request relief from the state courts where the
9  broader controversies originated. Under the Brillhart factors, the Court finds good cause to
10 exercise its discretion to decline to consider U-Haul's declaratory judgment action. See 316
11 U.S. at 494.

12    Other factors support the Court's decision. One, declaratory relief would not settle all
13 aspects of the broader controversies, as the lawsuits against U-Haul by the plaintiffs in the
14 underlying cases would still require resolution. See Dizol, 133 F.3d at 1225 & n.5. Two, the
15 declaratory judgment action risks entangling the federal and state court systems, as U-Haul
16 is requesting that this Court interpret a contract that could determine the amount of money
17 available to the plaintiffs in the underlying cases in the event of a settlement or an adverse
18 judgment against U-Haul. See id. Three, a better remedy exists in this case, namely the
19 settlement of all controversies in the state courts. See id. Four, no injustice will occur and
20 little of the Court's time would be squandered by declining to consider issuing U-Haul's
21 declaratory judgment request. See id.

22 **III.    Rule 56(d) Motion**

23    U-Haul seeks denial of National Union's Motion for Summary Judgment (Doc. 44)
24 pursuant to Rule 56(d). (Doc. 53.) Rule 56(d) permits the Court to allow a nonmovant time
25 for discovery where the "nonmovant shows by affidavit or declaration that, for specified
26 reasons, it cannot present facts essential to justify its opposition." Fed. R. Civ. P. 56(d). The
27 Court may postpone ruling on a motion for summary judgment and allow time for discovery
28

if: "(1) [the requesting party] has set forth in affidavit form the specific facts it hopes to elicit from further discovery; (2) the facts sought exist; and (3) the sought-after facts are essential to oppose summary judgment." Family Home & Fin. Ctr., Inc. v. Fed. Home Loan Mortg. Corp., 525 F.3d 822, 827 (9th Cir. 2008).

U-Haul asserts that, although the evidence already submitted is sufficient to defeat National Union's Motion for Summary Judgment, in the alternative it requires additional discovery "to fully respond to National Union's motion." (Doc. 53 at 17.) U-Haul states in its Controverting Statement of Facts that it "would like" to depose representatives of Lockton, the company who negotiated U-Haul's insurance policies with National Union, and National Union to reveal the parties' intentions as to the provisions in Policy A and Policy B. (Doc. 54 ¶¶ 65-67.) U-Haul's position is insufficient under Rule 56(d). U-Haul asserts that it has adequately responded to National Union's Motion for Summary Judgment, which contradicts Rule 56(d)'s requirement that a party show "it cannot present facts essential to justify its opposition." Further, U-Haul fails to describe the specific facts that it would uncover through additional discovery or adequately explain how additional discovery would enable it to defeat National Union's Motion for Summary Judgment. Therefore, the Court will deny U-Haul's Motion.

## CONCLUSION

**IT IS HEREBY ORDERED GRANTING** National Union's Motion for Summary Judgment as to U-Haul's claim for Breach of the Duty of Good Faith and Fair Dealing (Doc. 44).

**IT IS FURTHER ORDERED** that the Court will exercise its discretion under the Declaratory Judgment Act to decline to issue U-Haul's requested declaratory relief (Doc. 1).

**IT IS FURTHER ORDERED DENYING** U-Haul's Motion for Denial of National Union's Motion Pursuant to Federal Rule of Procedure 56(d) (Doc. 53).

**IT IS FURTHER ORDERED DENYING** U-Haul's Motion to Compel Production of Documents (Doc. 75) as moot.

- 8 -

1  **IT IS FURTHER ORDERED DENYING** National Union's Motion for Protective
2  Order (Doc. 79) as moot.
3  DATED this 14th day of September, 2011.

Stephen M. McNamee
United States District Judge

- 9 -